IN THE NORTH CAROLINA GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| STATE OF NORTH CAROLINA | ) | CHOWAN COUNTY |
| | ) | |
| versus | ) | 21-CRS-000105,21-CRS-050170, |
| | ) | 21-CRS-050229,21-CRS-050230 |
| CASSANDRA HOLCOMB, | ) | 21-CRS-050231,21-CRS-050232. |
| Defendant. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TRANSCRIPT

October 31, 2022, Criminal Administrative Session

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Transcript of proceedings taken in the General
Court of Justice, Superior Court Division, Chowan County,
North Carolina, at the October 31, 2022, Criminal
Administrative Session, before the Jerry R. Tillett, Judge
of said court.

APPEARANCES:
Alexis Massengill
Assistant District Attorney
Elizabeth City, North Carolina,
On behalf of the State.


Preston Wade Tyndall
Elizabeth City, North Carolina,
Attorney for the defendant.
------------------------------------------------------------
Amy R. Forbis, RPR
Official Court Reporter, First Judicial District
121 Duck Woods Drive
Southern Shores, North Carolina  27949
E-mail:  amyforbis@charter.net  Phone: (252)202-9593

1          (Following proceedings took place on Monday,

2   October 31, 2022, in Chowan County:)

3          MS. MASSENGILL:  Your Honor, case number 24,

4   Cassandra Holcomb.  Mr. Tyndall has a motion before the

5   Court and the State has a motion as well.

6          MR. TYNDALL:  Yes, Your Honor.  I filed a motion

7   to withdraw in this case.  And the rationale for that is in

8   my motion.  I would say that, ask the Court, if the Court

9   would refer, essentially, my client has requested that I

10  withdraw.  She's written me, as well as several members, I

11  believe, in the clerk's office, possibly others as well,

12  indicating some derogatory language about me, some concerns

13  and implications that I'm involved in trafficking in

14  children.  There have been -- there's been at least one male

15  voice that called the office, they called about three times,

16  indicating that I was illegally representing Ms. Holcomb,

17  that she had fired me, that I needed to withdraw from the

18  case.

19         Based on all of that, I believe she intends to

20  represent herself.  I made an appearance when we were in DSS

21  court throughout that proceeding, and I have withdrawn in

22  that.  Ask to withdraw from this case at this time.

23         THE COURT:  What says the State first?  What is

24  your motion?  You said you had a motion.

25         MS. MASSENGILL:  Yes, Your Honor.  The State does

1   have a motion to amend the bond.

2           Your Honor, at this juncture Ms. Holcomb has

3   received unsecured bonds.  The initial bond, Your Honor,

4   issued in 21-CRS-50170, that was unsecured on its face.

5           THE COURT:  The initial bond was unsecured?

6           MS. MASSENGILL:  Yes, Your Honor.  The initial

7   bond was unsecured, $50,000 unsecured is what I have.

8           THE COURT:  Okay.  And what is she under now?

9           MS. MASSENGILL:  It's still an unsecured bond in

10  that file number.  However, Your Honor, the remaining file

11  numbers were originally secured bonds that were modified to

12  unsecured bonds, and I will provide the Court with a brief

13  background in regards to that decision.

14          Ms. Holcomb, whenever she was taken into custody

15  on these bonds, approximately back in July or August of

16  2021, she was pregnant at the time.  Due to her pregnancy,

17  she was taken to Central Prison where she then gave birth to

18  her child.  And after giving birth, she had complications

19  that cost the county additional money that the county could

20  not continue to keep up with.  So the State agreed to

21  unsecure her bond pending her medical rehabilitation.

22          It is upon the State's information and belief that

23  Ms. Holcomb is fully recovered from giving child birth.  She

24  is in no further need of additional medical treatment to

25  where re-securing those bonds would be appropriate at this

Case 5:23-hc-02007-FL Document Reporter Filed 03/03/23 Page 3 of 14 District

1  time.

2          In addition, Your Honor, the State, upon
3  information and belief, Ms. Holcomb has traveled out of
4  state while under bond.  My understanding, Your Honor, if
5  you will give me just one moment, that she traveled back on
6  September 15th to Ohio, to Illinois and to Iowa, which are
7  all out of this jurisdiction of North Carolina.

8          In addition, Your Honor --

9          THE COURT:  Ohio, Illinois and where?  What was
10  other one?

11          MS. MASSENGILL:  Iowa.

12          THE COURT:  All right.

13          MS. MASSENGILL:  In addition, Your Honor, Ms.
14  Holcomb, since being out on bond, specifically her release
15  conditions state not to have any contact with her children
16  until the disposition of your case.  The State has
17  information that Ms. Holcomb has made contact indirect with
18  one of the victims of the pending matter by sending her a
19  Christmas gift around December of 2021.

20          And that will be the basis of the State's bond
21  motion.

22          THE COURT:  What were the bonds?  When you say
23  they were secured, what amounts were they?

24          MS. MASSENGILL:  In line 105, $25,000 secured.

25          THE COURT:  Which one?

```
 1              MS. MASSENGILL:  Line 105 -- excuse me, the first
 2    file number, 105, 21-CRS-105.
 3              THE DEFENDANT:  Your Honor, I object to this
 4    motion.
 5              THE COURT:  I'm sorry?
 6              THE DEFENDANT:  I object to her motion.
 7              THE COURT:  Okay.  Wait just a minute.  So the
 8    bonds that are reflected on the calendar are the correct
 9    bonds now?
10              MS. MASSENGILL:  Yes, sir.
11              THE COURT:  And the only one -- and there's only
12    one that is secured right now?
13              MS. MASSENGILL:  Yes, Your Honor, and it's the
14    105.
15              THE COURT:  But the others were -- and the bonds
16    that were made unsecured after the fact are in the amounts
17    as reflected on the calendar, is that correct?
18              MS. MASSENGILL:  Yes, sir.
19              THE COURT:  All right.  At this point, first, I'm
20    going to -- I haven't -- well, the attorney is not allowed
21    to withdraw yet so speak to your attorney first before you
22    say anything to me.
23              MR. TYNDALL:  Your Honor, would you like me to
24    respond to the State's bond motion?
25              THE COURT:  Does she have anything she wants to
```

1  offer in regards to that?

2  MR. TYNDALL: Your Honor, I would just state that

3  these bonds were unsecured about a year ago, if not longer

4  than that. My client -- the purpose of bonds, as we have

5  heard in prior cases, is to make sure that she appears and

6  make sure the community is safe. As far as her appearance,

7  she's appeared at every court date, both DSS and criminal.

8  As far as the community being safe, all of the alleged

9  victims in this case are in the custody of Social Services.

10  My client was denied any contact with those children.  I

11  believe the State is relying on witnesses that are outside

12  of the courtroom, which I would like the Court to take that

13  into account for purposes of reliability. Since none of the

14  people alleged to be witnesses in the misconduct are present

15  in the courtroom today, which she would deny that she has

16  violated any conditions of her release and deny that she's a

17  danger to the community. And she would state that she's

18  made all of her court dates.

19  THE COURT: All right. Anything further from

20  either party?

21  MR. TYNDALL: Not in regards to that motion, Your

22  Honor. Well, let me ask Ms. Holcomb.

23  THE COURT: All right. I do think that there is a

24  serious concern about the contact with the children. I do

25  find that the reasons for the afore-referenced modifications

1   are no longer applicable.  And I think, therefore, that the

2   bonds should be a reasonable bond for each charge.

3          What might the defendant's record level be, if

4   convicted?

5          MS. MASSENGILL:  Level I, Judge.

6          THE COURT:  For everything?

7          MS. MASSENGILL:  Yes, sir.

8          THE COURT:  So the accessory after the fact is to

9   what?

10          MS. MASSENGILL:  The statutory sex offense, Your

11   Honor.

12          THE COURT:  So that's going to be -- you've got a

13   C, you have got -- and then the next one is negligent child

14   abuse, serious bodily injury, is that correct, that's an E?

15          MS. MASSENGILL:  Yes, sir.

16          THE COURT:  And then you've got accessory after

17   the fact, what is that charge?  What is that to, accessory

18   as to what?

19          MS. MASSENGILL:  Statutory sex offense.

20          THE COURT:  C also?

21          MS. MASSENGILL:  Yes, sir.

22          THE COURT:  All right.  And then we have got

23   another accessory after the fact, same thing?

24          MS. MASSENGILL:  Yes, sir.

25          THE COURT:  C also?

1        MS. MASSENGILL:  Yes, sir.

2            THE COURT:  And then we have got another accessory

3    after the fact, that is C also?

4            MS. MASSENGILL:  Yes, sir.

5            THE COURT:  And then another accessory after the

6    fact, that is C also?

7            MS. MASSENGILL:  Yes, sir.  Actually, Your Honor,

8    I'm sorry, I misspoke.  On 21-CRS-50232, that is a Class H

9    accessory after the fact.

10           THE COURT:  232?

11           MS. MASSENGILL:  Yes, sir.

12           THE COURT:  That is the last one?

13           MS. MASSENGILL:  Yes, sir.

14           THE COURT:  That is an H.  These bonds are

15   woefully low and inadequate to begin with.  Each C should be

16   within a range of 73 to a hundred, and there are three of

17   those.  Each E should be 31 to 50, and the H should be 19.

18   I don't understand how you are complaining about those.

19           All right.  Court will set secured bonds as

20   follows, which would be lower than that.  The Court will

21   set, in 21-CRS-50232, Court will set a secured bond in the

22   amount of $19,000 secured.  In 21-CRS-050231, that should be

23   73 secured.  In 21-CRS-050230, that should be 73 secured.

24   In 21-CRS-050229, that should also be 73 secured.  In the

25   Class E, and that is as to a negligent, would not be subject

```
 1    to the extra maximum for a sex offense, is that correct?

 2              MS. MASSENGILL:  Correct, Your Honor.

 3              THE COURT:  So it will just be the regular

 4    amounts.  That bond should be 40,000, and then the other

 5    offense will be 73.

 6              THE DEFENDANT:  Your Honor, on and for the record,

 7    I fired my attorney on September 5th and I have made the

 8    clerk's office aware immediately as doing so.

 9              THE COURT:  Okay.  But he is appointed.  He is

10    appointed by the Court but you are entitled to represent

11    yourself, if that is what you want to do, provided that the

12    Court is able to make some findings and some procedural

13    requirements --

14              THE DEFENDANT:  So, Your Honor --

15              THE COURT:  -- under State versus Payne and

16    others.

17              THE DEFENDANT:  On and for the record, what is

18    your decision on the motion?

19              THE COURT:  I just ruled on that.

20              THE DEFENDANT:  Did you resecure the bond?

21              THE COURT:  I've set secured bonds in each of

22    these cases, as I have just identified.

23              THE DEFENDANT:  So I will be taken into custody?

24              THE COURT:  You will be taken into custody subject

25    to posting the bonds, yes, ma'am.
```

1    THE DEFENDANT:  I don't understand.

2         THE COURT:  Well, I have set what I determined to

3    be where the bonds should be to begin with for each case.

4         THE DEFENDANT:  I heard that.

5         THE COURT:  And they are secured because that is

6    what it should be on this kind of case.  That is the answer

7    to that.  Now you still have counsel as to that issue.

8         The other issue where you're asking him to be

9    removed, you're asking that he no longer be your counsel, in

10   other words, as well as his motion, is that correct?

11        THE DEFENDANT:  Your Honor, I fired him.

12        THE COURT:  Well that is not the way it works.

13   The Court appoints and he has to get permission to withdraw.

14   And you have a right to represent yourself.  You don't have

15   a right to just pick and choose different counsel all along

16   the way.  What did you want to do about that, if he were to

17   be allowed to withdraw?

18        THE DEFENDANT:  I will represent myself.

19        THE COURT:  Then that is where I'm talking about

20   the procedural requirements.  The Court has to make some

21   findings about your ability to do so.

22        THE DEFENDANT:  Your Honor, on and for the record,

23   I put you on notice for trespassing against the chest. [Trust]

24        THE COURT:  I don't know what that means, ma'am.

25   That's a bunch of gibberish.  Focus on what you want to talk

1  about that is relevant to this proceeding.

2          THE DEFENDANT:  Your Honor, well, on and for the

3  record, I put you on notice for trespassing.

4          THE COURT:  There is no such thing and this is

5  gibberish, and you know that as well.  So you can either

6  address these things in a logical way or we're done with

7  this hearing.

8          THE DEFENDANT:  Your Honor, I move the Court to

9  state the authority that the Court used --

10          THE COURT:  We're not going to play that game

11  anymore.  This is not what this Court is constitutionally

12  authorized for and we're not going to go down that road.

13          THE DEFENDANT:  Your Honor --

14          THE COURT:  Anything further that might be

15  relevant to what we're really addressing here?

16          THE DEFENDANT:  Well, Your Honor, I do still

17  object to her motion, on and for the record.

18          THE COURT:  All right.  Anything else?

19          THE DEFENDANT:  (Defendant shakes head.)

20          THE COURT:  I haven't heard a sufficient basis to

21  -- for me to make the determination of whether you're

22  capable of representing yourself, and that is what I needed

23  to hear after there was already a finding.

24          Are you telling me, Mr. Tyndall, that based upon

25  what's happened it will be impossible for you to zealously

Case 5:23-hc-02019-M Document 63 Filed 08/03/23 Page 11 of 14

1  represent the defendant within the bounds of law and
2  ethically?

3          MR. TYNDALL:  Yes, Your Honor.  The concern would
4  be that with people calling the office and terrorizing the
5  staff it would be difficult for me and her to confer any
6  further in the case, especially with her firm stance that
7  she's fired me, and she even mentioned in an e-mail that I
8  had no authority to further harass her, and I certainly
9  don't want there to be any further issues there.

10          THE COURT:  I'm inclined to agree that we do not
11  have a voluntary servitude for purposes of court-appointed
12  counsel.  It is up to the Court.  You can't just change your
13  attorney any time you want to.  But we always do not have
14  conscripted service.

15          So I'm going to find good cause to allow you to
16  withdraw in this case.  I'm going to consider whether this
17  defendant is competent and capable of representing herself.
18  So at this juncture, and this juncture only, I will appoint
19  standby counsel until there is a hearing to determine
20  whether that would be necessary.

21          THE DEFENDANT:  Your Honor, I object.

22          THE COURT:  I understand.  And you have a
23  constitutional right to represent yourself but I have to
24  make these findings.  You're telling me you think you're
25  able to do that on these offenses?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  All right.

3          THE DEFENDANT:  Again, Your Honor, I put you on

4   notice --

5          THE COURT:  I'm not listening to any of that junk.

6          THE DEFENDANT:  Your Honor --

7          THE COURT:  Go take a seat over here.

8          MR. TYNDALL:  Thank you, Your Honor.

9          THE DEFENDANT:  Your Honor, you're trespassing

10  against the U.S. Treasury.

11         THE COURT:  Mr. Bailiff, take the defendant.

12         MS. MASSENGILL:  Your Honor, if and until

13  additional counsel is appointed, if we can continue this

14  case to February 20, please?

15         THE COURT:  All right.  Set this matter for

16  February 20th.  I am appointing standby counsel at this

17  point until I determine whether she's capable of

18  representing herself in this case.

19             What else do we have?

20             (End of hearing.)

21

22

23

24

25

# C E R T I F I C A T E

STATE OF NORTH CAROLINA    )
                           )
COUNTY OF CHOWAN           )

        I, Amy R. Forbis, the officer before whom the foregoing proceeding was taken, do hereby certify that said hearing is a true, correct and verbatim transcript of said proceeding.

        I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this proceeding was heard; and further, that I am not a relative or employee of any attorney or counsel employed by the parties thereto, and am not financially or otherwise interested in the outcome of this action.

        This the 11th day of January, 2023.

*Amy R. Forbis*

_____
Amy R. Forbis, RPR
Official Court Reporter
First Judicial District