IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-HC-2017-D

|                                  |   |        |
|----------------------------------|---|--------|
| CASSANDRA WRIGHT HOLCOMB,        | ) |        |
|                                  | ) |        |
| Petitioner,                      | ) |        |
|                                  | ) |        |
| v.                               | ) | **ORDER** |
|                                  | ) |        |
| JERRY R. TILLETT, et al.         | ) |        |
|                                  | ) |        |
| Respondents.                     | ) |        |

On January 23, 2023, Elizabeth Wright Fisher ("Fisher"), on behalf of Cassandra Wright Holcomb ("Holcomb" or "petitioner"), a state pretrial detainee at the Albemarle District Jail, filed a "PETITION FOR WRIT OF HABEAS CORPUS CONSTRUCTIVE TRUST," which the clerk construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. On February 14, 2023, the court warned Holcomb that the court will not recognize any further filings made by anyone on her behalf and directed Holcomb to file the petition on the form prescribed for use by this court [D.E. 4]. On February 27, 2023, Holcomb filed her petition on the form prescribed for use by this court [D.E. 4]. On May 30, 2023, Holcomb moved to "stay lower court proceedings while petition writ of habeas corpus is pending" [D.E. 7]. As explained below, the court conducts its preliminary review pursuant to 28 U.S.C. § 2243 and dismisses the petition.

Holcomb challenges her pending North Carolina criminal charges. See Am. Pet. [D.E. 4] 1–2. Holcomb alleges the state lacks jurisdiction to prosecute her because she is not a United States citizen and references the Cestui Que Vie Act of 1666. See id. at 6. Holcomb also alleges the state is violating her due process rights because an affidavit of injury has not been provided, she has not had the opportunity to face her accusers, and exculpatory evidence was not produced. See id. at 6–7.

Holcomb seeks injunctive relief including her immediate release. See id. at 7.

"[H]abeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Jud. Cir. Court, 410 U.S. 484, 489 (1973) (quotation omitted); see Younger v. Harris, 401 U.S. 37, 43 (1971). In Braden, the Supreme Court allowed a pretrial detainee's habeas petition to proceed because the petitioner "was not attempting to litigate the merits of an affirmative defense to his state prosecution. Rather, [the petitioner's] habeas petition simply asked the federal courts to enforce the state's obligation to provide him with a state court forum." Brown v. Ahern, 676 F.3d 899, 902 (9th Cir. 2012) (cleaned up).

Holcomb does not plausibly allege any deficiency in the state judicial process that qualifies as a "special circumstance" under Braden. To the extent Holcomb alleges she is a sovereign citizen or that the Cestui Que Vie Act of 1666 applies, the arguments are baseless. See Merritt v. Administrator, Greenville Cnty. Det. Ctr., No. 4:22-cv-2881, 2022 WL 18356338, at *2 n.2 (D.S.C. Nov. 17, 2022) (unpublished), report and recommendation adopted, 2023 WL 207331 (D.S.C. Jan. 17, 2023) (unpublished); Naja v. Zahir, Nos. 3:21-cv-361, 3:21-cv-547, 3:21-cv-586, 3:21-cv-588, 3:21-cv-601, 3:21-cv-644 (DJN), 2021 WL 5348671, at *6 (E.D. Va. Nov. 16, 2021) (unpublished); Olshefsky v. Bergan, No. 2:21-cv-00591, 2021 WL 2228711, at *3–5 (D.S.C. Apr. 15, 2021) (unpublished), report and recommendation adopted, 2021 WL 1747916 (D.S.C. May 4, 2021) (unpublished); Sharma v. Unknown Respondent, No. 5:15-HC-2209, 2016 WL 8667801, at *1–2 (E.D.N.C. Mar. 30, 2016) (unpublished), appeal dismissed, 672 F. App'x 308 (4th Cir. 2017) (per curiam) (unpublished). Thus, the court dismisses the petition.

In sum, the court DISMISSES petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 4]. The court DENIES AS MOOT petitioner's motion to stay lower court

proceedings [D.E. 7]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This 19 day of July, 2023.

                                                  */s/ Dever*
JAMES C. DEVER III
United States District Judge